NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARNELL WEBSTER,

        Plaintiff - Appellant,

v.

JOSEPH LOMBARDO, Clark County
Sheriff; COUNTY OF
CLARK; NAPHCARE, INC.,

        Defendants - Appellees.

No. 24-2215

D.C. No.
3:20-cv-00070-ART-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Submitted July 14, 2025[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

    Darnell Webster appeals pro se from the district court's summary judgment
in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical
needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

court's grant of summary judgment, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and affirm.

Because the events underlying his deliberate indifference claim occurred while Webster was in pretrial detention, the district court correctly analyzed his claim under the Fourteenth Amendment. *See Gordon v. City of Orange*, 888 F.3d 1118 (9th Cir. 2018). The district court properly granted summary judgment for NaphCare because Webster failed to raise a genuine dispute of material fact as to whether NaphCare's staff was deliberately indifferent to Webster's knee condition and failed to present any evidence to support his theory that NaphCare had a policy of "deny and delay." *See id.* at 1125 (explaining that a plaintiff bringing a deliberate indifference claim under the Fourteenth Amendment must "prove more than negligence but less than subjective intent—something akin to reckless disregard").

The district court did not err by dismissing without prejudice Webster's claims against the "Doe Defendants" after Webster failed to submit an amended complaint substituting in the names of the individual defendants and allegations supporting the claims against each. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277–78 (9th Cir. 2023).

Webster has not demonstrated that the district court abused its discretion in managing discovery or denying his request to keep case-related materials in his cell

in violation of prison policy. *See D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1105 (9th Cir. 2024).

**AFFIRMED.**